[Civ. No. 6471. First Appellate District, Division Two.—June 7, 1929.]

E. J. HANSON et al., Appellants, v. HERBERT CHOYNSKI, Respondent.

Vogelsang & Brown and Bert Schlesinger for Appellants.

I. M. Golden and Sidney Rhein for Respondent.

NOURSE, J.—Plaintiffs sued the defendants to impress a trust upon the sum of $1,598 alleged to have been received and held by them as trustees under the claim that they were the directors of Olson's Market, Inc., at the time of its dissolution as a corporation for nonpayment of license taxes under the provisions of section 10a of the act of 1907 (Stats. 1907, p. 746). The defendant Olson was not served with

process and no proceedings were had against him. The cause was tried before the court and resulted in a judgment for the two other defendants. The plaintiffs have appealed on typewritten transcripts. It is obvious that no case was made against the defendant Hawkinson, and he does not appear on this appeal.

The gravamen of the case on appeal is whether the respondent Choynski was a director of the corporation at the time of its dissolution by forfeiture of its charter on November 30, 1907. The cause was tried before with this respondent as sole defendant. It resulted in a judgment in his favor which was reversed on appeal. (*Hanson* v. *Choynski,* 180 Cal. 275 [180 Pac. 816].) The complaint was amended, bringing in the other defendants and alleging that the three were the "duly elected, qualified and acting directors and trustees in office of said corporation" at the time of its dissolution. On the second trial it was found that the respondent Choynski had not been a director of said corporation since 1905.

The evidence had at the second trial is that the respondent merely acted as a "dummy" director at the time of the organization of the company in 1905, but that another had been elected in his stead and the respondent had not served or acted as such at any time thereafter. Appellants now concede that material evidence first introduced at the second trial supports the finding that respondent was not a "*de jure*" director at the time of dissolution, but they argue that the trial court should have found that he was a "*de facto*" director because of certain acts which they endeavored to prove. Briefly, the position of appellants is that the original articles of incorporation named respondent as one of the three directors and that the creditors were entitled to presume that he continued as such; that respondent was present at one or two meetings of the board; that he held himself out as a director in dealing with some of the creditors; and that, in a certificate to a copy of a resolution of the board, dated September 25, 1907, respondent was noted as one of the three then acting directors. In support of the finding respondent points to positive testimony that he held no share of stock in the corporation, attended the first meeting of directors for organization only, had another elected as a director in his stead, and that the recitation in the certificate

erroneously included his name for that of his brother, E. W. Choynski. Under this state of the record it must be clear that the trial court had evidence before it supporting the finding, and this closes the question on appeal.

■ The argument is made that, notwithstanding this situation, the respondent must be held to be a trustee "*de facto*" because he permitted himself to be held out as such in certain transactions with the creditors of the corporation. No question of estoppel arises, as that issue was not pleaded, and no injury to the creditors is claimed to have resulted, but, assuming the facts relied on by appellants to have been proved, and disregarding the question of conflict in the evidence, we are convinced that appellants can get no comfort from the situation. The statute under which appellants sue declares that the "directors or managers in office" are deemed to be trustees upon dissolution of the corporation. The undisputed evidence here disclosed that three other persons were the "*de jure*" and acting directors of the corporation at the times in issue. By the terms of the statute these three persons became statutory trustees of the corporation and stockholders and, as such, were the legal owners of the corporate assets. Manifestly, an outsider could not substitute himself as such trustee by any act of his own when the full number of the directors were actually "directors in office" at the time of dissolution. Thus the statute itself expressly precludes the claim that the respondent, by any act of his own, could have become a "statutory trustee."

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 28, 1929, and a petition by appellants to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1929.

All the Justices present concurred.